# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| Howard White, <br>     Petitioner, <br><br> v. <br><br> United States District Court for the <br> Eastern District of Virginia, <br> Alexandria Division, <br>     Respondent. | 1:18v214 (AJT/MSN) |

## MEMORANDUM OPINION

Howard White, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his 1997 conviction for second degree murder entered on a plea of guilty in the Norfolk Circuit Court. Case No. CR96-002159. The matter presently is before the Court for consideration of the Amended Petition, which is the operative petition in the action [Dkt. No 8]. Also before the Court is petitioner's Motion for Objection [Dkt. No. 15], which petitioner filed in response to the Court's Order directing him to show cause why the Amended Petition should not be dismissed as time-barred, and the petitioner's Affidavit of Bias and/or Prejudice [Dkt. No. 19], which the Court construes as a Motion for Recusal. For the reasons which follow, petitioner's Motion for Objection will be denied; the petition will be dismissed, with prejudice, as time-barred; and the request for recusal will be denied.

### The Amended Petition and Motion for Objection

A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed;

(3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In the instant case, White entered a guilty plea and was convicted of second degree murder on October 9, 1997; he received a sentence of 40 years incarceration with 10 years suspended. Dkt. No. 8 at 1. Because no direct appeal was filed, the conviction became final and the limitations clock began to run on November 8, 1997, the date on which the period within which White could have appealed the trial court's decision to the Court of Appeals of Virginia expired. See Va. Sup. Ct. R. 5A:6(a).[1]

In calculating the one-year § 2244 limitations period, a court must exclude the time during which properly-filed state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Here, however, White sought no post-conviction relief until March 23, 2001, when he filed a Motion to Vacate in the trial court. Dkt. No. 8 at 4. Because by then over three years had elapsed since the conviction became final, the

---

[1] As is fully explained in an Order entered on March 26, 2018 [Dkt. No 3], White initially sought § 2254 relief from his conviction in White v. Pearson, 1:16cv900 (AJT/JFA), where the petition was dismissed without prejudice because White had failed to exhaust his claims before the Supreme Court of Virginia. The Fourth Circuit Court of Appeals dismissed White's challenge of that ruling on the holding that he failed to make the requisite showing for a certificate of appealability, and this Court subsequently denied his motion for relief from judgment on March 21, 2017. Id., Dkt. No. 14-15, 19. White did not appeal that Order, but subsequently filed two Motions to Vacate Void Judgment Under Rule 60(b)(4) and Catch All Provision Under ... 60(b). The first such motion was denied, and the Clerk was directed to terminate the second and to open it as the instant action. Because it was clear that White's objective was to obtain habeas corpus relief from his state conviction, he was instructed to submit an Amended Petition using a set of standardized forms, in compliance with Local Rule 83.4.

pendency of a state action could no longer toll the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); Rashid v. Khulmann, 991 F.Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Accordingly, this petition is untimely under § 2244(d), unless White can establish that the statute of limitations does not apply or should otherwise be tolled. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (requiring notice and the opportunity to respond before a sua sponte dismissal under § 2244(d)).

The Court entered an Order on May 16, 2018, advising White that his habeas application appeared to be time-barred and allowing him 30 days within which to show cause why it should not be dismissed on that basis. [Dkt. No. 11] The Court noted that White had argued in the amended petition that "the factual predicate [for his claim] was received on 3/20/15," when White discovered that Robert Glenn Ford, the lead detective responsible for investigating his case, had been prosecuted for corruption. Because the documents White submitted in support of that argument indicated that Ford was convicted in the Norfolk District Court on October 27, 2010 and sentenced on February 25, 2011 [ Dkt. No. 8, Att. 2], White was prompted to explain why the information upon which he based his claim of entitlement to statutory tolling could not have been discovered through the exercise of due diligence prior to March 20, 2015. Id.; see Pace, 544 at 418 (to qualify for equitable tolling, a petitioner must demonstrate both that (1) he

had been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing).

On June 7, 2018, in apparent response to the Court's Order, White filed a Motion for Independent Investigation, Motion for Counsel, and Motion for Objection [Dkt. No. 13-15]. By an Order entered July 3, 2018, the Motions for Counsel and for an Independent Investigation were denied without prejudice [Dkt. No. 17]. As to the Motion for Objection, White alleged that between April 17 and 24, 2018, he placed copies of a federal habeas corpus petition addressed to this court's Clerk's Office and to the Attorney General of Virginia into the Greensville Correctional Center's mailing system [Dkt. No. 17]. White asserted that on May 4, 2018 the documents were returned "censored, tampered with an stripped of U.S. postage," and he argued that prison employees thus had violated the Virginia Department of Corrections' Operating Procedures for legal correspondence. White was allowed 21 days within which to specify what documents had been tampered with, to explain the manner in which they had been altered, and to provide copies of the original documents that could be compared to those on the official docket [Dkt. No. 17 at 2].

In response to the foregoing Order, White wrote a letter to the Court [Dkt. No. 18] in which he appears to expand upon his statement in the Amended Petition that the limitations period should be deemed to have been tolled because he did not learn until 3/20/15 that Detective Ford was prosecuted for corruption. Within that letter White reiterates his contention that Robert Glenn Ford, the lead detective in his prosecution, "committed crimes." Id. at 4. Without additional detail, he also asserts that "counsel for the state of Va. committed active falsehoods and fraud on the court." Id. at 4-5. He alleges that the prosecutor and Detective Ford "created a

narrative and actual convictions of two deaths for one person. They both knew it and played this narrative out in a court of law." Id. at 5. White contends that his counsel "filed a discovery" and the prosecutor "refused to turn this over," and he concludes that he can prove his allegations "by witness by the F.B.I. in Mr. Ford['s] case ... "some" are willing to testify in court that they had criminal dealings with Mr. Ford." Id. He then sets out the terms of a settlement proposal which would include the vacation of his sentence and a "a new retroactive overhaul of the legal mail process in" Virginia prisons. Id. at 6.

In order to receive equitable tolling of the limitations period, a petitioner must "demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). It is widely recognized that equitable tolling is to be applied only infrequently. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) ("We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.")

Here, the circumstances White describes do not warrant equitable tolling. The time period relevant to the issue of equitable tolling in this case is from November 8, 1997, when the conviction at issue became final, until November 8, 1998, when the §2254(d) limitations period expired. White alleges no facts specific to that time period which could constitute extraordinary circumstances warranting equitable tolling, nor does he include any description whatever of any

5

steps he took to pursue his claims. Cf. United States v. Williams, 2011 WL 6842991 at *3 (E.D.Va. Dec. 29, 2011) (finding no extraordinary circumstances or due diligence when no specific facts alleged for the relevant time period). And even taking all of White's allegations of corruption by Detective Ford and the prosecutor as true, he includes no explanation of how those factors impeded his ability to file a timely § 2254 petition. For these reasons, neither equitable nor statutory tolling applies in this case, and the petition must be dismissed as time-barred.[2]

## Affidavit of Bias and /or Prejudice

On March 12, 2019, petitioner filed a document he has captioned as an Affidavit of Bias and /or Prejudice [Dkt. No. 19], which includes several exhibits principally consisting of copies of pleadings filed in this case as well as in his earlier habeas action, White v. Pearson, 1:16cv900 (AJT/JFA). See n. 1, supra. White asserts in the Affidavit that "U. S. District Court Judge Anthony J. Trenga, before whom the matter is pending, has a personal bias and/or prejudice against Affiant or in favor of the adverse party, and Judge Trenga should not proceed no further, but another Judge should be assigned to adjudicate the case." Id. at 1. The Court thus construes this pleading a Motion for Recusal.

Under the United States Code, a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Disqualification is required if a reasonable factual basis exists for doubting a judge's impartiality. People Helpers Foundation, Inc. v. City of Richmond, 12 F.3d 1321, 1325 (4th Cir. 1993); Rice v. McKenzie,

---

[2]To the extent that White's Motion for Objection contains assertions that his mail has been tampered with at his institution, it raises a subject that cannot be addressed in this § 2254 habeas corpus proceeding. Accordingly, the motion will be denied, without prejudice to White's ability to reasserts his claim regarding his institutional mail in a civil rights action pursuant to 42 U.S.C. § 1983.

581 F.2d 1114, 1116 (4th Cir. 1978). The relevant inquiry is whether a reasonable person would have a factual basis to doubt the judge's impartiality, and not whether the judge in fact is impartial. In re Beard, 811 F.2d 818, 827 (4th Cir. 1987). To be disqualifying, the judge's alleged bias must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case; in other words, the prejudice must be personal rather than judicial. United States v. Grinnell Corp., 384 U.S. 563, 583 (1996); Shaw v. Martin, 733 F.2d 304, 308 (4th Cir.1984). "The mere fact that a judge has entered adverse rulings on motions or presided over other parallel proceedings is not enough in and of itself to warrant recusal." Hause v. Witkowski, 98 F.3d 1334 (4th Cir. 1996) (table), 1996 WL 593798 (4th Cir. Oct. 16, 1996), citing United States v. Parker, 742 F.2d 127, 128-29 (4th Cir. 1984). Thus, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion ... [T]hey ... can only in the rarest circumstances evidence the degree of favoritism or antagonism [to make fair judgment impossible] ... when no extrajudicial source is involved." Liteky v. United States, 510 U.S. 540, 555 (1994); accord, United States v. Williamson, 213 F. App'x 235 (4th Cir. 2007) (district court's denial of disqualification motion was not error where no showing of extra-judicial bias was made).

In this case, no reasonable factual basis for doubting the Court's impartiality has been suggested. Instead, the sole basis on which White seeks recusal is because the Court "refused to order and evidentiary hearing and refused to allow due process by the full disclosure of the facts... [B]ased on Judge Trenga's rulings and actions, it is clear that he has a pattern of being bias [sic] and/or prejudice [sic] against Affiant." Id. at 4. These reasons, either individually or in concert, are not cognizable bases upon which to grant recusal. White makes no claim of extra-

7

judicial bias or prejudice, and indeed, none exists. Without such a showing, recusal is not warranted. Liteky, 510 U.S. at 555. Accordingly, as no reasonable factual basis for doubting the Court's impartiality has been shown, and the Motion for Recusal will be denied.

## Conclusion

For the foregoing reasons, petitioner's Affidavit of Bias and/or Prejudice, construed as a Motion for Recusal, will be denied. His Motion for Objection will be denied, without prejudice to his ability to bring his claim regarding his legal mail in a civil rights action pursuant to 42 U.S.C. § 1983. The petition for habeas corpus relief will be dismissed, with prejudice, as time-barred. An appropriate Order and judgment shall issue.

Entered this 18th day of March 2019.

Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge